IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DIANNA CARLSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| **MAYFLOWER TOURS INC.,** ) | |
| **CAVALLO BUS LINES, INC. AND** ) | |
| **MEL NICOLINI** ) | |
| **Defendants.** ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Dianna Carlson, by and through her attorney Jeffery P. Gray and for her Complaint against Defendants hereby states as follows:

JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA") and related state law claims.

2. This Court has jurisdiction pursuant to the following statutes 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and Supplemental state claims pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(h) because the events that gave rise to this Complaint occurred in this district.

4. That the Plaintiff has notified the appropriate state agency pursuant to 42 U.S.C. §2000a-3(c) prior to filing this law suit.

## PARTIES

5. Plaintiff is a disabled citizen of the United States and resides in Aurora, Illinois County of DuPage , State of Illinois, which is in this judicial district.

6. Defendant, Mayflower Tours Inc. is a "Travel Service" and is a duly organized corporation under the laws of Illinois which provides escorted tours by motor coach to residents of Illinois and Wisconsin and qualifies as a both a place of public accommodation and a commercial facility pursuant to Title III of the Americans With Disabilities Act.

7. The Defendant Cavallo Bus lines Inc. is a duly organized corporation under the law of Illinois, and provides over the road bus transportation to persons and corporations nationwide, and qualifies as a commercial facility pursuant to Title III of the Americans With Disabilities Act.

8. The Defendant Mel Nikolini is a private individual and an employee of Cavallo Bus Lines, Inc. and on October 4, 2010 was a loaned employee to Mayflower Tours, Inc.

## GENERAL ALLEGATIONS

9. Title III of the ADA, found at 42 U.S.C. §§12181-12189, extends to facilities operated by a private entity whose operations affect commerce. It requires places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with the accessibility standards established by applicable Federal laws and Regulations

10. Plaintiff is a 63 year old woman who suffers from paraplegia and as a result of Plaintiff's condition she is unable to walk and must use wheelchair in all her daily activities.

11. The Defendant Mayflower Tours Inc. is a travel service that operated a bus tour to Door County Wisconsin on October 4, 2010 in which the Plaintiff participated, by utilizing the services and facilities of the Defendant Mayflower Tours.

12 The Defendant Cavallo Bus Lines, Inc. leased its bus to the Plaintiff Mayflower Tours on October 4, 2010 and loaned its employee Mel Nikolini to Mayflower Tours Inc. in order to operate and drive the bus that it had leased to Mayflower Tours.

13. That on October 4, 2010 the Plaintiff, was a participant in a tour to Door County Wisconsin which was operated by the Defendant Mayflower Tours and a passenger on a bus that was leased by Mayflower Tours from Cavallo Bus Lines Inc. and driven by Mel Nickolini, an employee that was shared by both the Defendants Mayflower and Cavallo.

14. That the bus and tour referred to in paragraph 13 above was required to be Compliant with the United States Department of Transportation requirements for over the road buses and found in the Code of Federal Regulations, 49 CFR § 38.1 et seq. and provides minimum guidelines for accessibility standards for transportation vehicles.

15. That the bus and tour to Door County, Wisconsin were non-compliant with the applicable regulations in the following respects:

    (a)    Based on the way the driver parked the bus the lift platform was in excess of three (3) inches above the roadway. (49 CFR § 23(b)(5).

    (b)    Non-compliant platform entrance ramp (49 CFR § 23(b)(8) and non-compliant platform deflection (49 CFR § 23(b)(9)).

    (c)    Non-complaint ramp threshold (49 CFR § 23(c)(3) and non-complaint slope (49 CFR § 23(c)(3)).

    (d)    Securement devices were non-existent on the bus and therefore non-compliant (49 CFR § 23(d)(4) nor were there belts and shoulder harnesses (49 CFR § 23(d)(7)).

(e) Non-compliant slip resistant surfaces (49 CFR § 25(a) and non-complaint contrast (49 CFR § 25(b)).

(f) Non-compliant priority seating signage (49 CFR § 27(c)).

(g) Failed shall ensure that personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities. (49 CFR § 37.173).

### Count I Violation of The American's With Disabilities Act-Injunctive Relief
### Against Defendants Mayflower Tours and Cavallo Bus lines

16. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

17. Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. $ 12181(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation".

18. Defendants' acts and omissions alleged herein are in violation of the equal access to transportation requirements set forth in Title III of the Americans with Disabilities Act, 42 U.S.C. $12181, et. seq. and the regulations promulgated thereunder, and constitute discrimination on the basis of disability against the Plaintiff.

19. But for the above violations of the Americans with Disabilities Act the Plaintiff would use the facilities and participate in tours in sponsored and operated by the Defendants in the future. Defendants' conduct constitutes an ongoing and continuous violation of the ADA and unless restrained from doing so, defendants will continue to violate said law. Said conduct,

4

unless enjoined, will continue to inflict injuries for which plaintiff has no adequate remedy at law. Consequently, plaintiff is entitled to injunctive relief pursuant to section 203 of the ADA, 42 U.S.C. $12188(a)(2), and attorney's fees.

### State Law Violations
### Negligence
### *Against all Defendants*

20. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

21. That on October 4, 2010 the Plaintiff while participating in a tour to Door County, Wisconsin sustained severe injuries while a passenger on the tour bus operated by the Defendants. Said injuries occurred as a direct and proximate cause of the Defendants' failure to comply with one or more of the ADA Regulations as set forth in paragraph 15a-g.

22. In addition to the failure of the Defendants to comply with the above ADA Regulations the Defendant Mel Nicolini had a duty to exercise due care in his operation and control of his motor vehicle.

23. In disregard of his duty the Defendant Mel Nicolini guilty of one or more of the following acts of misconduct:

    a. Negligently and improperly operating his bus

    b. Operating his bus without regard to the Plaintiff's safety and causing the bus to stop suddenly and lurch forward throwing the Plaintiff from her seat onto the floor.

    c. Failing to park the bus in a safe manner wherein the Plaintiff could exit the bus with the assistance of a wheel chair lift.

    d. Failure to operate the wheelchair lift in a safe and reasonable manner.

    e. Failure to exercise the highest degree of care consistent with the practical operation of this bus to protect their passengers.

24. That the bus being operated by the Mayflower and Cavallo is considered to be a "common carrier." A "common carrier" must use the utmost care and diligence for the safe carriage of its passengers, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill. This duty requires a common carrier to do all that human care, vigilance, and foresight reasonably can do under the circumstances. A rebuttable presumption of negligence is raised against a common carrier when a plaintiff shows that she was a passenger, an accident happened with a vehicle wholly under the control of the common carrier and that an injury was inflicted.

25. By reason of her injuries the Plaintiff, has suffered, pain and discomfort and continues to suffer pain and anguish and has incurred medical expenses by reason of the injuries.

### Count III Violation of the Illinois Human Rights Act
*Against Defendants Mayflower Tours and Cavallo Bus lines*

26. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

27. That the Illinois Human Rights Act 775 ILCS 5/5-101 (A)(6) and (7) provides that travel services and public conveyances are places of Public Accommodation.

28. It is a civil rights violation to deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation;

29. That the Plaintiff was denied the full and equal enjoyment of the tour to Door County Wisconsin because the transportation provided to the Plaintiff was not ADA complainant and because of the negligent operation of the equipment by one or more employees of the Defendants.

30. That the Plaintiff has exhausted her administrative remedies pursuant to the Illinois Human Rights Act and has received notice on July 3, 2012 from the Illinois Department of

Human Rights that the Plaintiff has ninety days (90) after receipt of the notice in which to file an action in the appropriate state court.

## Count IV Breach of Warranty
### *Against Defendants Mayflower Tours and Cavallo Bus lines*

31. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

32. That the Tour to Door County Wisconsin was impliedly promised by the Defendants that the tour would be delivered in a safe and careful manner.

33. That as a direct and proximate result of the Defendants' breach of an implied covenant of good faith to deliver the tour in a safe and careful manner, the Plaintiff suffered severe injuries and substantial medical expenses related to those injuries.

## Count V-Negligent Selection of Suppliers
### *Against Defendant Mayflower*

34. Mayflower selected the suppliers that provided the component travel services which made up the package tour to Door County Wisconsin.

35. Mayflower failed to investigate the reliability and willingness of Cavallo to deliver safe travel services and ADA complaint transportation for the Plaintiff.

36. Such an investigation would have revealed Cavallo's prior accident and safety history the existence of insurance, and compliance with all applicable licensing and safety regulations and ADA compliance regulations.

37. As a proximate result of the Defendant Mayflower's breach of its duty to carefully select its suppliers of the transportation component of the trip to Door County Wisconsin, the Plaintiff suffered injuries and incurred medical expenses and costs.

Wherefore the Plaintiff prays for the following relief:

A. For a permanent injunction enjoining the Defendants from operating any tours and operating any over the road buses that are not fully ADA complaint and to institute training programs for their employees that would train them to operate vehicles and equipment safely and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities.

B. For compensatory damages for pain and suffering and anguish in an amount of not less than $100,000.00

C. For reasonable costs and attorney fees

D. For such other relief as the Court deems just and reasonable

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully Submitted
    Dianna Carlson

    By:   S// Jeffery P. Gray_____
            Jeffery P. Gray,
            Attorney for the Plaintiff

Jeffery P. Gray
Attorney for Plaintiff
27475 Ferry Rd.
Warrenville, Illinois 60555
Tel 630-717-2761
Fax: 877-700-4899
ARDC# 6180257

Case: 1:12-cv-06656 Document #: 1 Filed: 08/20/12 Page 9 of 9 PageID #:9

9