```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

DIANNA CARLSON,                    )
                                   )
             Plaintiff,            )
                                   )
     v.                            )     No.  12 C 6656
                                   )
MAYFLOWER TOURS INC., et al.,      )
                                   )
             Defendants.           )
```

<u>MEMORANDUM ORDER</u>

On March 11 this Court granted counsel for plaintiff Dianna Carlson ("Carlson") leave to file an amendment to her Complaint that in part added a Count VII grounded in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 to 505/12.  Mayflower Tours Inc. ("Mayflower"), one of the three defendants in this action, responded to that proposed addition by moving that Count VII be stricken.  Carlson's counsel has now responded to that motion, so that the matter is ripe for decision.

Although it is common (largely as a matter of convenience) to shorten the title of the cited Illinois statute to the "Illinois Consumer Fraud Act," it is a serious mistake to springboard from that usage to the notion that Fed. R. Civ. P. ("Rule") 9(b) standards apply to the pleading that invokes the statute.  After all, the Illinois Supreme Court is the ultimate authority as to the meaning and scope of Illinois statutes, and <u>Robinson v. Toyota Motor Credit Corp.</u>, 201 Ill.2d 403, 416-18,

775 N.E.2d 951, 960-61 (2002) has confirmed that recovery under the statute "may be had for unfair as well as deceptive conduct."

Indeed, our Court of Appeals has plumbed this issue in depth in Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc., 536 F.3d 663, 669-72 (7th Cir. 2008). Judge Ripple's opinion there could well have been written for this case, and Carlson's allegations (taken together with reasonable inferences as is called for by a Rule 12(b)(6) motion) satisfy the pleading standards of Rule 8(a).

It is particularly distressing to find that the experienced counsel who represents Mayflower starts his memorandum with citations to a number of Illinois cases that call for specific fact pleading. Those standards have no place in federal practice, and only a bit of research would have brought counsel to Judge Ripple's lucid opinion explaining why that is so. Worse still, Mayflower's counsel compounds that error by citing exclusively to state court rather than to federal court decisions as purportedly setting the pleading standards here, as they do not.[1]

Accordingly Mayflower's motion to strike is denied, and it is ordered to answer Amended Complaint Count VII on or before

---

[1] To be more precise, Mayflower's counsel does cite once to the federal Twombly-Iqbal canon--but he does so only as a waystation on his return to Illinois caselaw. And as for Twombly-Iqbal, Carlson's Count VII plainly satisfies the "plausibility" standard that those cases have announced.

April 24, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 10, 2013